977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrique REYES, JR., Plaintiff-Appellant,
v.
CITY OF DINUBA; Ed Todd; Bud Toy; David W. Phillips;
Milton A. Tromborg; Paul Magyar; Frank J. Gomez; Barbara
Lankford; Raymond K. Millard; J.B. Westmoreland; Daniel
McCloskey; John De La Montanya, Defendants-Appellees.
 No. 91-16041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Reyes, Jr. appeals from the summary judgment in favor of the city of Dinuba and several of its officials. Reyes's complaint alleges that city officials acted with racial animus in failing to grant occupancy and encroachment permits for homes he constructed in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. We agree with the district court that Reyes failed to raise a genuine issue of material fact that the officials were motivated by racially discriminatory intent, and affirm.
 
 
 3
 Reyes argues that he is the only person to be denied a homeowners' exemption for an encroachment permit in the past ten years. The uncontradicted evidence shows, however, that the city does not keep records of unsuccessful applications. Reyes also claims that the officials' reasons for denying his permits were inconsistent and false. The district court correctly found that, in the absence of any specific permit applications, these claims are unsupported by substantial evidence.
 
 
 4
 Reyes's reliance on what Pablo Contreras says is likewise insufficient. No evidence qualifies the statement as an admission binding on the city of Dinuba or its officials.
 
 
 5
 Similarly, the fact that other homes were granted encroachment permits despite the lack of curbs and gutters is meaningless in the absence of evidence indicating whether the persons constructing those homes were also contractors or were otherwise entitled to the homeowners' exemption to the insurance requirements. Nor do inspections by city inspectors Magyar and Mann give rise to a reasonable inference of racial discrimination. Reyes fails to isolate race as the "actual or decisive reason behind the alleged discrimination." The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 17 (1st Cir.1989); cf. Gutierrez v. Municipal Court of the Southeast Judicial Dist., 838 F.2d 1031, 1047 (9th Cir.1988) (discussing intentional discrimination and/or "race-based animus" required for claims under 42 U.S.C. §§ 1981, 1983, and 1985(3)), vacated on other grounds, 490 U.S. 1016 (1989).
 
 
 6
 Finally, we do not agree, as Reyes contends, that the district court viewed the evidence in the light most favorable to the city. Although he correctly contends that, "[w]here the defendant's intent is at issue, summary judgment is appropriate 'only if all reasonable inferences defeat the plaintiff's claims,' " White v. Roper, 901 F.2d 1501, 1505 (9th Cir.1990) (quoting SEC v. Seaboard Corp., 677 F.2d 1297, 1299 (9th Cir.1982)), racial animus cannot reasonably be inferred from the evidence. The evidence adduced by Reyes supports the inference that he and city officials suffered from an antagonistic relationship. But there is not even a "scintilla of evidence," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986), to support Reyes' claim that the officials' actions were racially motivated. He has therefore "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 769 (9th Cir.1987) ("Although summary judgment is often questionable in civil rights actions where the defendant's motive and intent are involved ... [it is established] that even in a civil rights action, plaintiff may not survive a motion for summary judgment without offering some evidence in support of her claim.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3